UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **KRISTI BERCOT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-408 |
| | ) |
| **THE LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Kristi Bercot (hereinafter "Bercot" or "Plaintiff"), by counsel, for her cause of action against Defendant, The Lincoln National Life Insurance Company, alleges and states as follows:

**I.  Nature of the Case**

1. Bercot brings this action against her former employer pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the Family Medical Leave Act ("FMLA), 29 U.S.C. § 2601 *et seq*.  Bercot alleges that Defendant discriminated and retaliated against her due to her protected activity, and terminated her because of her disability and/or protected activity.

**II.  Parties**

2. At all times relevant to this action, Bercot resided and worked within the Northern District of Indiana.

3. Defendant is a corporation that does business within the Northern District of Indiana.

4. Bercot was an "eligible employee" as defined by the ADA, 42 U.S.C. § 12111(4) and

the FMLA, 29 U.S.C. § 2611(2)(a).

5.     Defendant is an "employer" as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A), and the FMLA, 29 U.S.C. § 2611(4)(a).

6.     Bercot is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendant to be disabled.

### III.  Jurisdiction and Venue

7.     This Court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. §§1331, 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

8.     Bercot has satisfied her obligation to exhaust her administrative remedies by timely filing a charge alleging disability discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC").  Bercot has received her *Dismissal and Notice of Rights* and timely files the instant Complaint within ninety (90) days of her receipt thereof.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen within the jurisdiction of the Northern District of Indiana.

### IV.  Factual Allegations

10.    Plaintiff Kristi Bercot was hired by Defendant, The Lincoln National Life Insurance Company ("LNL") as a Group Benefit Representative beginning on or about April 6, 1987.  More

2

recently, Plaintiff worked as a Senior Service Representative.

11. At all times relevant, Bercot was a qualified individual with a disability, had a record of a disability, and/or was perceived and/or regarded as having a disability, placing her under the protection of the Americans With Disabilities Act (hereafter "ADA").

12. Bercot suffers from physical impairment(s) which substantially limits her in one or more life activities, including walking and standing, and the operation of her musculoskeletal system.

13. Bercot's impairments are not transitory or minor, and last longer than six months.

14. Bercot's impairments constitute serious health conditions that made her unable to perform the functions her position for limited periods of time.

15. Throughout Bercot's employment, she met or exceeded all of Defendant's legitimate employment expectations.

16. Plaintiff has consistently received ratings of "solid performance" on her performance assessments and received annual pay increases and bonuses for her performance.

17. Bercot put Defendant on notice of her disabilities and restrictions.

18. Bercot took continuous leave under the FMLA for surgical treatment of her serious medical condition(s) on several occasions, including between November 19, 2018 through December 25, 2018.

19. Bercot requested and received time off for treatment of her disability from July 1, 2019 to December 25, 2019.

20. Bercot's requests for reasonable accommodations, including time off for treatment, constituted protected activities under the Americans with Disabilities Act.

21. On January 29, 2020, Defendant's Vice-President notified Plaintiff that she was being

3

terminated, purportedly due to being untruthful to her manager about her work activities.

22. Defendant's stated reason for terminating Plaintiff is pretext.

23. Defendant's actions have been, and continue to be, intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the Americans with Disabilities Act, as amended and the FMLA.

24. Similarly-situated individuals who are not disabled, whom Defendant does not perceive as disabled, who have not requested accommodations and/or who did not take leave under the FMLA have been treated more favorably.

25. Bercot has been harmed by Defendant's conduct.

## V. Legal Allegations

### COUNT ONE - ADA VIOLATIONS

26. Plaintiff hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

27. Bercot had a physical impairment which substantially limited one or more of her major life activities.

28. Alternatively, Defendant unreasonably regarded Bercot as having a disability that interfered with her ability to perform her job.

29. Defendant unlawfully retaliated against Bercot for making request(s) for accommodation.

30. Defendant's discrimination of and retaliation against Bercot was done in reckless disregard for Bercot's federally protected rights.

31. Defendant's actions caused Bercot both emotional and economic harm.

4

32. Defendant's intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

## COUNT TWO - FMLA VIOLATIONS

33. Bercot incorporates all of the allegations set forth in paragraphs one through thirty-two (32) of this Complaint.

34. Bercot properly notified Defendant of her need for leave for an FMLA-qualifying reason, and took leave under the FMLA.

35. Defendant unlawfully discriminated against and retaliated against Bercot in violation of the FMLA.

36. All reasons proffered by Defendant for adverse actions taken by it regarding Bercot' employment are pretextual.

37. Defendant's actions were intentional, willful, done in bad faith, and in reckless disregard of Bercot' federally protected rights under the FMLA.

## VI. Requested Relief

WHEREFORE, Plaintiff, Kristi Bercot, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Enjoin Defendant from future violations of the ADA and the FMLA;

2. Lost wages, benefits, compensation, and other monetary relief to make her whole;

3. Liquidated, Compensatory, and Punitive damages;

4. All costs and attorney's fees incurred as a result of bringing this action;

5. Pre- and post-judgment interest on all sums recoverable; and

6. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
Email:       jhaskin@jhaskinlaw.com
Email:       plogan@jhaskinlaw.com
Attorneys for Plaintiff, Kristi Bercot

## VII. DEMAND FOR JURY TRIAL

The Plaintiff, Kristi Bercot, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
Email:       jhaskin@jhaskinlaw.com
Email:       plogan@jhaskinlaw.com
Attorneys for Plaintiff, Kristi Bercot